UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| Mitchell Stoner, individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>      -v.-<br><br>Enhanced Recovery Company, LLC and John Does 1-25,<br><br>                    Defendant(s). | C.A. No:<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT

Plaintiff, Mitchell Stoner (hereinafter "Plaintiff") brings this Class Action Complaint by and through his attorneys, Garibian Law Offices, P.C., against Defendant, Enhanced Recovery Company, LLC (hereinafter "ERC") individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION

1. Congress enacted the Fair Debt Collection Practices Act ("FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection Practices by many debt collectors." 15 U.S.C. §1692(a).

2. The purpose of the FDCPA was to eliminate abusive debt collection practices.

1

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court has pendent jurisdiction over any state law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of Delaware consumers under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

6. Plaintiff is seeking damages and declaratory relief for Defendant's violations of the FDCPA.

## PARTIES

7. Plaintiff is a resident of the State of Delaware, County of Sussex, and resides at 1224 E. 22nd St., Wilmington, DE 19802.

8. Defendant ERC, a limited liability company, is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and as used in the FDCPA and with an address of 8014 Bayberry Rd., Jacksonville, FL 32256.

9. ERC is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10. ERC collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Service, telephone and internet.

11. John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

12. Plaintiff brings this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

13. The Class consists of all individuals:

    a. With addresses in the State of Delaware;

    b. From whom ERC attempted to collect debts;

    c. From whom ERC collected or attempted to collect unauthorized fees in conjunction with the collection of said debts;

    d. Which collection occurred on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

14. The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf Defendant attempts to collect and/or from whom Defendant has purchased debts.

15. Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and their respective immediate

families, and legal counsel for all parties to this action, and all members of their immediate families.

16. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's debt collection practices and the charging of unauthorized fees, violate 15 U.S.C. §§ 1692e and 1692f, as detailed herein.

17. Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither Plaintiff nor Plaintiff's attorneys have any interests, which might cause them not to vigorously pursue this action.

18. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    a. **Numerosity:** Plaintiff is informed and believes, and on that basis alleges, that the members of the Plaintiff Class defined above are so numerous that joinder of all members would be impractical.

    b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions are predominant over any questions or issues involving only individual class members. The principal issue is whether the Defendant's conduct violated 15 U.S.C. § 1692e and 1692f, as detailed herein.

  c. **<u>Typicality:</u>** Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

  d. **<u>Adequacy:</u>** Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither Plaintiff nor Plaintiff's counsel has any interests which might cause them not to vigorously pursue the instant class action lawsuit.

  e. **<u>Superiority:</u>** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

19. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

20. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

21.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

22.     Some time prior to December 22, 2020, an obligation was allegedly incurred by Plaintiff to Verizon ("Verizon").

23.     The Verizon obligation arose out of transactions in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

24.     The Verizon obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

25.     Verizon is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

26.     ERC, a debt collector, contracted with Verizon to collect the alleged Verizon obligation.

### *Plaintiff's Settlement of the Verizon Obligation through ERC*

27.     On or about December 22, 2020, ERC and Plaintiff agreed that Plaintiff's Verizon obligation would be resolved for a one time payment of $58.48.

28.     In addition to the $58.48, ERC assessed Plaintiff a $9.95 fee. Plaintiff was charged a total of $68.43.

29.     Plaintiff made payment to ERC, and was charged the $9.95 fee, in addition to the $58.48 payment for the settlement of the Verizon obligation.

30.     The $9.95 credit card fee was not permitted by the agreement creating the debt nor was it permitted by law.

31. The addition of this cost by ERC, which was neither authorized by the agreement creating the debt nor permitted by law, was an attempt to collect an amount not owed by Plaintiff.

32. ERC misled and deceived Plaintiff into falsely believing that Plaintiff owed the additional fee.

33. ERC'S assessment and attempt to assess the additional fee was a violation of the FDCPA.

34. ERC's demand of the payment of an unauthorized collection fee that had not been incurred and was not authorized by contract or law violated Plaintiff's substantive rights under the FDCPA and created the false impression that the unauthorized fee was actually authorized. It also increased the risk and actually resulted in Plaintiff paying an amount in excess of what Plaintiff actually owed for the settlement.

35. Plaintiff incurred a concrete injury in fact with respect to the payment of the additional costs. Plaintiff incurred an informational injury as ERC provided Plaintiff with false information as to the amount Plaintiff actually owed on the alleged debt.

36. As a result of Defendant's deceptive misleading and false debt collection practices, Plaintiff has been damaged.

## COUNT I

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692e *et seq.***

37. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

38. Defendant's debt collection efforts attempted and/or directed towards Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

39. 15 U.S.C. §1692e prohibits debt collectors from employing "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

40. Defendant's conduct violated 15 U.S.C. §1692e(2)(A), which makes unlawful "[t]he false representation of . . . the character, amount, or legal status of any debt."

41. Defendant's conduct violated 1692e(10), which prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

42. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692f *et seq.***

43. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

44. Defendant's debt collection efforts attempted and/or directed towards Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f and 15 U.S.C. § 1692f(1).

45. Defendant's conduct violated 15 U.S.C. §1692f which provides that a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

46. Defendant's conduct violated 15 U.S.C. §1692f(1), which prohibits a debt collector from collecting and/or attempting to collect any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

47. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f and 15 U.S.C. §1692f(1) of the FDDPA and for actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

48. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all others similarly situated, demands judgment from ERC as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Antranig Garibian, Esq. as Class Counsel;

2. Awarding Plaintiff and the Class statutory damages;

3. Awarding Plaintiff and the Class actual damages;

4. Awarding Plaintiff costs of this action, including reasonable attorneys' fees and expenses;

5. Awarding pre-judgment interest and post-judgment interest; and

6. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Respectfully Submitted,

**GARIBIAN LAW OFFICES, P.C.**

/s/ Antranig Garibian
Antranig Garibian, Esq. (Bar No. 4962)
1010 N. Bancroft Pkwy, Suite 22
Wilmington, DE 19805
(302) 722-6885
ag@garibianlaw.com
*Attorneys For Plaintiff*